NO. 07-01-0253-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2001

______________________________

JAMES A. WARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428809; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

DISMISSAL

Pursuant to a guilty plea, appellant James A. Ward was convicted of burglary of a habitation and placed on community supervision for six years.  Upon the State’s application, on May 10, 2001, the trial court revoked appellant’s community supervision for violations of the terms and conditions thereof and assessed the original punishment of six years confinement.  No motion for new trial was filed and appellant filed his notice of appeal on June 12, 2001.

A notice of appeal must be filed within 30 days after the day sentence is imposed.  Tex. R. App. P. 26.2(a)(1).  In computing time, the day of the act is not included; however, the last day is, and if that day falls on a Saturday, Sunday, or legal holiday, the period extends to the end of the next day.  Tex. R. App. P. 4.1(a).  Appellant’s sentence was imposed on May 10, 2001.  Beginning with May 11, the 30-day period within which to file a notice of appeal expired on Saturday, June 9.  Thus, appellant had until Monday, June 11 to file a notice of appeal, but did not do so until June 12.  

In a criminal case, the time within which to file a written notice of appeal may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  Tex. R. App. P. 26.3.  No motion for extension of time reasonably explaining the need for an extension was filed in this Court when the notice of appeal was filed in the trial court.  
Tex. R. App. P. 10.5(b)(2) and 26.3(b).   When a notice of appeal, but no motion for extension, is filed within the 15-day window, this Court does not have jurisdiction to dispose of the purported appeal in any manner other than by dismissal for want of jurisdiction.  Olivo v. State, 918 S.W.2d 519, 523 (Tex.Cr.App. 1996).  Additionally, we do not have jurisdiction to invoke Rule 2 in an effort to obtain jurisdiction of the case.  Thus, we cannot create jurisdiction where none exists.  
Id; see also
 Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).  However, appellant may have a remedy by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  
See
 Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2001).

Accordingly, we dismiss this cause for want of jurisdiction. 

Don H. Reavis

     Justice

Do not publish.